UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDRE JAMEL DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>SGT. R. FORSDAHL, *et al.*,<br><br>      Defendants. | Civil Action No. 23-2313 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

  This matter comes before the Court on Plaintiff Andre Jamel Davis's ("Plaintiff") motion for default judgment (ECF No. 26); Defendants Sgt. R. Forsdahl, P.O. B. McNeil, P.O. S. Oxnard, P.O. N. Stendor, P.O. R. Bergor, Captain Chris Garris, Chief Scott Tamagny, and the Borough of Leonia d/b/a Leonia Police Department's (collectively, the "Leonia Defendants") motion for judgment on the pleadings (ECF No. 31); and Defendant Peter Sassano and Sano's Broadview Corp d/b/a Sano's Towing's (collectively, the "Sano Defendants")[1] motion to vacate the Clerk's entry of default and to dismiss Plaintiff's Complaint (ECF No. 51). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion for default judgment (ECF No. 26) is **DENIED**; the Sano Defendants' motion

---

[1] Plaintiff initiates legal proceedings against the Sano Defendants, using the names "Peter Sassno" and "Sano's Towing" interchangeably. Based on this usage, the Court concludes that Plaintiff is collectively referring to Peter Sassno and Sano's Towing. For clarity and consistency, the court has decided to refer to these parties jointly as the "Sano Defendants."

to vacate entry of default and to dismiss Plaintiff's Complaint (ECF No. 51) is **GRANTED**; and the Leonia Defendants' motion for judgment on the pleadings (ECF No. 31) is **GRANTED**.

## I. BACKGROUND[2]

On April 26, 2023, Plaintiff, *pro se*, filed the Complaint in this action. (*See* Compl., ECF No. 1.) The Complaint is related to an encounter that occurred between Plaintiff and officers of the Leonia Police Department during a motor vehicle stop on March 21, 2023. (*See* Compl. at 3.) Plaintiff alleges that during the subject motor vehicle stop, "Sgt. R. Forsdahl & the other police on scene stole [his] private consumer good, [and he] was told it was going to Sano's. A Sano's flatbed tow truck arrived & loaded [Plaintiff's] private consumer good & left." (*Id*.) In his Complaint, Plaintiff claims theft of his motor vehicle and various civil rights violations against Defendants. (*See generally* Compl.)

On May 18, 2023, the Leonia Defendants filed an Answer to the Complaint and a Crossclaim against the Sano Defendants. (*See* ECF No. 15.)

On May 30, 2023, Plaintiff filed a motion for default judgment against the Sano Defendants. (ECF No. 18.) Plaintiff's motion was denied without prejudice for failure to request and receive entry of default from the Clerk prior to moving for default judgment in accordance with Federal Rule of Civil Procedure. (ECF No. 20.)

On June 2, 2023, Plaintiff filed a request for default as to the Sano Defendants. (ECF No. 24.) That same day, the Clerk's Office entered default against the Sano Defendants for failure to plead or otherwise defend. On July 6, 2023, Plaintiff filed a motion for default judgment, seeking

---

[2] The facts are derived from the Complaint (*see* Complaint ("Compl."), ECF No. 1) which the Court accepts as true for purposes of this motion for default judgment and motion to dismiss. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624 (JBS/JS), 2011 U.S. Dist. LEXIS 115142, *4 (D.N.J. Oct. 5, 2011), *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

judgment against the Sano Defendants in the amount of $5,472,579. (ECF No. 26 at 1.) Plaintiff filed a declaration in support of the motion. (ECF No. 26-2.)

On July 28, 2023, the Leonia Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 31.) Plaintiff opposed the motion (ECF No. 33), and the Leonia Defendants' replied in further support (ECF No. 33).

On November 21, 2023, the Sano Defendants filed a motion to vacate default under Federal Rule of Civil Procedure 55(c) and to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 51.) Plaintiff filed an opposition to the Sano Defendants' motion (ECF No. 52), and the Sano Defendants replied in further support (ECF No. 56).[3] Accordingly, these motions are now ripe for the Court to decide.

## II.  LEGAL STANDARD

### A.  Default Judgment

Default judgment is governed by Federal Rule of Civil Procedure 55, which states, in relevant part, as follows: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After an entry of default is entered pursuant to Rule 55(a), the plaintiff may seek the court's entry of default judgment under Rule 55(b)(1) or Rule 55(b)(2). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc*., 175 F. App'x 519, 521 (3d Cir.2006) (citing 10A *Wright, Miller & Kane, Fed. Prac. & Proc*. § 2682 at 13 (3d ed.1998)). After default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." C*omdyne I, Inc. v. Corbin*,

---

[3] On December 27, 2023, the Honorable Michael A. Hammer, U.S.M.J. ("Judge Hammer") entered an Order staying discovery pending the adjudication of the pending motions. (*See* ECF No. 62.)

908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 *Wright, Miller & Kane, Fed. Prac. & Proc* . § 2688 at 444 (2d ed.1983)).

Rule 55 of the Federal Civil Rules likewise provides the mechanism for setting aside the entry of default. More specifically, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the discretion of the district court. When deciding whether to vacate default, however, the court must consider three factors: "(1) [w]hether the plaintiff will be prejudiced [if default is lifted]; (2) [w]hether the defendant has a meritorious defense; and (3) [w]hether culpable conduct of the defendant led to the default." *See Feliciano v. Reliant Tooling Co*., 691 F.2d 653, 656 (3d Cir. 1982). "There is a distinction between a default standing alone and a default judgment.... Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656.

### B. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b) motion must be filed before a responsive pleading. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). A Rule 12(c) motion for judgment on the pleadings, however, may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c). Courts apply the same standard when analyzing the defense of failure to state

4

a claim for a Rule 12(b)(6) motion and a Rule 12(c) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).[4]

### C. Motion for Judgment on the Pleadings

To withstand a Rule 12(c) motion for judgment on the pleadings for failure to state a claim, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations ... as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, a Rule 12(c) motion should not be granted "unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

## III.   DISCUSSION

### A. Motion to Vacate Default/Default Judgment

The Third Circuit generally disfavors defaults and will resolve doubts "in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982). Under Rule 55(c), a court may set aside an entry of default for good cause. In making this determination, Courts consider whether the plaintiff will be prejudiced, whether the

---

[4] In addition, Rule 12(h) provides that the defense of failure to state a claim may be raised through a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(h).

defendant has a meritorious defense, and whether the default resulted from the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984).

First, the Court finds that good cause exists to vacate the entry of default against the Sano Defendants, and Plaintiff will not be prejudiced by setting aside the default. *See Emcasco Insurance Co. v. Sambrick,* 834 F.2d 71 (3d Cir. 1987). Sufficient prejudice includes hindrance of a plaintiff's ability to pursue its claim or loss of relevant evidence. (*Id*. at 74.) Plaintiff argues that "vacating the default judgment will prejudice [him]" and that he has been damaged by the Sano Defendants and is "owed for a sum certain . . . . in the amount of $5,472,579." (ECF No. 52 at 9, 12.) Plaintiff further claims that "reopening the default judgment will only cause further delay and prejudice the Plaintiffs (sic)." (ECF No. 52 at 9.) The Court disagrees, however, as this matter is in the early pre-discovery stages of litigation and discovery has been stayed pending the resolution of Defendants' dispositive motions. *See Beauty Plus Trading Co. v. Bee Sales Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (stating that "'[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice' sufficient to warrant the denial of a motion to vacate default" (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). At this early pre-discovery stage of the litigation, no evidence has been presented suggesting that vacating the default would prejudice Plaintiff. As such, the first factor weighs in favor of vacating the default.

The next inquiry is whether the Sano Defendants can assert a meritorious defense. *See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).* The Sano Defendants do "not have to show that [it] will prevail at trial; rather, all [it] must show is that, on its face, [its] defense is *litigable.*" *Beauty Plus Trading Co.*, 2017 WL 706604, at *3

(quoting *Glashofer v. New Jersey Manufacturers Ins. Co.*, No. CV 15-3601 (RBK/AMD), 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016) (emphasis in original)). Here, as expanded upon in this Court's analysis of the Sano Defendants' dismissal motion, *infra*, the Sano Defendants have alleged a meritorious defense to support setting aside the default. Specifically, the Sano Defendants assert that no legally cognizable claim [that] has been asserted against the [them]". (ECF No. 51-2 at 7.) Specifically, that Plaintiff has neither articulated nor suggested any violation of civil rights as a result of the motor vehicle stop or any injury resulting from the alleged towing of his vehicle by the Sano Defendants, per the directive of the Leonia Police Department. This Court agrees. Accordingly, the Court finds that this factor weighs in favor of setting aside the Clerk's entry of default.

Lastly, the Court finds that the Sano Defendants were not culpable in failing to respond in a timely manner. The Third Circuit requires more than "mere negligence" to satisfy the culpable conduct standard. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir.1984). Rather, the defendant must have acted with "willfulness" or "bad faith" in failing to respond in a timely manner. (*Id*. at 1182.) Here, the Sano Defendants note that Plaintiff's Complaint was filed on April 26, 2023. (ECF no 51-2 at 5.) An affidavit of service was filed on June 2, 2023, alleging that personal service was effectuated on Defendant Peter Sassano on May 2, 2023. (*Id*.) The Clerk's entry of default as the Sano Defendants was entered on June 2, 2023. (*Id*.) Shortly thereafter, the Sano Defendants retained counsel , and filed a pre-motion conference letter on October 27, 2023, seeking to vacate default and dismissal in lieu of filing a responsive pleading, which the Court permitted via a text order on November 13, 2023 (ECF No. 47.) The Court finds no bad faith on their part and that the Sano Defendants have made a sufficient showing of good cause under Rule 55(c). Accordingly, the entry of default against them is vacated and Plaintiff's motion for default

judgment (ECF No. 31) is denied. *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

### B. Motion to Dismiss

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is *plausible on its face.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

*Pro se* pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, the allegations raised in Plaintiff's Complaint concern the motor vehicle stop conducted by Leonia police Sergeant R. Forsdahl on March 21, 2023. (*See generally* Compl.) Plaintiff alleges that

> While my offspring and I traveled on Broad Avenue, we were stopped by Sgt. Forsdahl, followed moments later by a host of police who failed to ID. Subsequently after threat of arrest, Sgt R. Forsdahl and the other police on scene stole my private consumer good. I was told it was going to Sano's flatbed tow truck arrived and loaded my private consumer good & left.

(Compl. at 3.) Plaintiff cites U.S.C. Title 18 § 241 & 242; 42 U.S.C. 1983, 1985, and 1986 as the basis for asserting Federal Question jurisdiction. Lastly, Plaintiff further asserts a cause of action relating to a "conspiracy to deprive me of my unalienable rights." (*See* Compl. at 2; Civil Cover Sheet at *1, ECF No. 1-1.) In the Complaint, Plaintiff appears to attempt to set forth civil rights and/or illegal takings claims. Plaintiff identifies no specific injuries in his Complaint and cites an "international commercial claim within the admiralty ab initio administrative remedy" as the sole relief sought. (Compl. at 4.) Plaintiff's Complaint does not allege sufficient facts to show a cognizable violation of his civil rights. Plaintiff states only conclusory allegations without specific supporting facts the Leonia and Sano Defendants conspired to steal his vehicle and failed to return upon request or "notice of fault/opportunity to cure." (ECF No. 1-9 at 1.) As a result, Plaintiff has neither articulated nor suggested any violation of civil rights from the traffic stop or any injury resulting from the alleged towing of his vehicle. Plaintiff has failed to assert any legally cognizable

claim against Defendants to proceed past the dismissal stage of the litigation. As a result, Plaintiff's Complaint will be dismissed in its entirety without prejudice.

### C.  Motion to Vacate Default/Default Judgment

Next, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) may be filed at any time and may be the functional equivalent of a motion to dismiss. Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standards apply. (*Id*.)

As the Court has noted above, Plaintiff's Complaint fails to plead facts from which a plausible cause of action may be gleaned as to the Leonia or Sano Defendants. The facts alleged, even when viewed in a light most favorable to the Plaintiff, do not raise a right to relief. Further, Plaintiff's *pro se* status does not absolve him of his duty to meet the pleading requirements set forth in *Twombly*. *Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010). Accordingly, because the Court has already granted the Sano Defendants' motion and dismissed the Complaint without prejudice for failure to state a claim, the Leonia Defendants' motion for Judgment on the pleadings is also granted, and Plaintiff's Complaint is dismissed without prejudice.

Since Plaintiff is proceeding *pro se*, if he can in good faith amend his Complaint to allege any specific conduct on the part of any or every individual Defendant, he may seek leave to do so. If within thirty (30) days, Plaintiff does not seek leave to amend his complaint to include allegations about the individual Defendants, the dismissal of his Complaint will be converted into a dismissal with prejudice.

10

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (ECF No. 26) is **DENIED**; the Sano Defendants' motion to vacate the Clerk's entry of default and dismiss Plaintiff's Complaint (ECF No. 51) is **GRANTED**, and the Leonia Defendants' motion for judgment on the pleadings (ECF No. 31) is **GRANTED**. Plaintiff may seek leave to file an amended complaint within thirty (30) days consistent with this Opinion. An appropriate Order accompanies this Opinion.

DATED: June 29, 2024

**JULIEN XAVIER NEALS**
United States District Judge