UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE JAMEL DAVIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>SGT. R. FORSDAHL, *et al.*,<br><br>                    Defendants. | Civil Action No. 23-2313 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Sgt. R. Forsdahl, P.O. B. McNeil, P.O. S. Oxnard, P.O. N. Stendor, P.O. R. Berger, Captain Chris Garris, Chief Scott Tamagny, and the Borough of Leonia d/b/a Leonia Police Department's (collectively, the "Leonia Defendants"), and Defendant Peter Sassano and Sano's Broadview Corp d/b/a Sano's Towing's (collectively, the "Sano Defendants")[1] motions to dismiss Plaintiff Andre Jamel Davis's ("Plaintiff") Amended Complaint (ECF No. 71) ("Amended Complaint" or "Am. Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 74, 76). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391, respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Leonia Defendants' motion (ECF No. 74) is **GRANTED**; and the Sano Defendant's motion (ECF No. 76) is **GRANTED**. The Amended Complaint (ECF No. 71) is **DISMISSED without prejudice**.

---

[1] Plaintiff initiates legal proceedings against the Sano Defendants, using the names "Peter Sassano" and "Sano's Towing" interchangeably. Based on this usage, the Court concludes that Plaintiff is collectively referring to Peter Sassano and Sano's Towing. For clarity and consistency, the Court has decided to refer to these parties jointly as "Sano Defendants."

I.   **BACKGROUND AND PROCEDURAL HISTORY**[2]

According to the Amended Complaint, on March 21, 2023, at approximately 1:15 PM, Sergeant R. Forsdahl initiated a traffic stop[3] and issued motor vehicle citations to Plaintiff.[4]  (Am. Compl. at 3).  Thereafter, Officers B. McNeil, N. Stendor, R. Berger, and S. Oxnard "arrive[d] at the scene" and "fail[ed] to identify themselves." (*Id.*)  Despite Plaintiff's protests, his vehicle was "illegally seized" "[u]nder threat of arrest, coercion and duress." (*Id.* at 3).  Officer McNeil then "reache[d] through the passenger window to unlock the doors, allowing Sgt. Forsdahl to proceed with the vehicle[']s illegal seizure." (*Id.*)  Plaintiff's vehicle was subsequently towed by the Sano Defendants, "despite [P]laintiff[']s protest and warnings of potential illegality of seizure." (*Id.* at 3-4).  Office McNeil also searched the glove compartment without Plaintiff's consent.  (*Id.* at 4).

After the vehicle was taken, Plaintiff and his "9[-]year[-]old offspring were left stranded in the State of New Jersey." (*Id.* at 4).  Despite Plaintiff's request, Sergeant Forsdahl refused to read Plaintiff his Miranda Rights.  (*Id.*)  While Plaintiff provided Sergeant Forsdahl with his United States passport card and travel documents, including proof of a cancelled driver's license and vehicle registration, he "refuse[d] to de-escalate the situation." (*Id.*)

Plaintiff contacted the Sano Defendants "multiple times" to retrieve his vehicle but was unsuccessful.  (*Id.*)  Plaintiff also informed the Sano Defendants of "a UCC-1 financing statement and a lien on the vehicle." (*Id.*)  Additionally, Plaintiff made numerous visits and phone calls to Captain Garris and Chief Tamagny, which were unsuccessful.  (*Id.*)

---

[2] The following factual allegations are taken from the Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[3] Plaintiff alleges Sergeant Forsdahl followed him "from the highway exit off the Palisades parkway, exit 1 Englewood Cliffs, which is out of the jurisdiction of the Leonia Police Department as the traffic stop was effectuated in Englewood Cliffs, NJ." (Am. Compl. at 5).
[4] Plaintiff alleges he noticed Sergeant Forsdahl and "other officers" had "appeared to be observing [P]laintiff[']s vehicle" for weeks prior to the incident at issue. (Am. Compl. at 5).

Thereafter, on April 26, 2023, Plaintiff filed a Complaint claiming theft of his motor vehicle and various civil rights violations against Defendants. (*See generally* ECF Nos. 1). After being served with the lawsuit, Plaintiff contends the Leonia Defendants and Sano Defendants "conspired to harm [him] by sending the vehicle back to Toyota under false pretenses." (Am. Compl. at 4). Plaintiff alleges he lost his employment and "a negative entry [was placed] to [P]laintiff[']s credit report, [which] created new ongoing litigation with Toyota." (*Id.*)

On June 29, 2024, this Court granted the Leonia Defendants' motion for judgment on the pleadings, granted the Sano Defendants' motion to vacate entry of default and to dismiss Plaintiff's Complaint, denied Plaintiff's motion for default judgment, and dismissed the Complaint without prejudice. (ECF Nos. 64-65).

On September 6, 2024, Plaintiff filed an Amended Complaint and asserted various civil rights and state violations against Defendants. (*See generally* Am. Compl.). On September 27, 2024, and October 10, 2024, respectively, the Leonia Defendants and Sano Defendants filed motions to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 74, 76). Plaintiff opposed the motions (ECF No. 79), and the Leonia Defendants replied in further support. (ECF No. 80).

On February 3, 2025, Plaintiff filed additional opposition to Defendants' motions. (ECF No. 81). Defendants opposed Plaintiff's supplemental submission. (ECF Nos. 82, 83). The Court considers Plaintiff's February 3, 2025 submission to be a sur-reply.[5] Accordingly, these motions are now ripe for the Court to decide.

---

[5] Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." The Court will consider the sur-reply given Plaintiff's *pro se* status. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2022 WL 2314836, at *2 n.1 (D.N.J. June 28, 2022) (considering a sur-reply filed by a *pro se* plaintiff without prior leave of court due to the greater leeway afforded to *pro se* litigants (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true[.]" *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Dickerson v. N.J. Inst. of Tech.,* No. 18-8344, 2019 WL 6032378, at *4 (D.N.J. Nov.

4

14, 2019) (citing *Alston v. Parker,* 363 F.3d 229, 234 (3d Cir. 2004)). This more liberal construction of *pro se* complaints does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015) ("[A] pro se complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on [its] face.'" (first quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); then quoting *Iqbal*, 556 U.S. at 678)); *Badger v. City of Phila. Office of Prop. Assessment,* 563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed pro se are construed liberally, but even 'a pro se complaint must state a plausible claim for relief.'" (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))); *Herron v. Guralnick,* No. 19-17699, 2020 WL 3542344, at *2 (D.N.J. June 30, 2020).

### III.   DISCUSSION

Upon the Court's liberal reading of the Amended Complaint, the Court finds the Amended Complaint fails to meet the requirements of notice pleading under Rule 8(a)(2) as Plaintiff fails to separate which violations each or all Defendants are alleged to have violated.

Rule 8(a)(2) requires that a complaint set forth claims with enough specificity to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *District Council 47, Am. Fed'n of State, Cty. & Mun., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016).

In the Amended Complaint, Plaintiff provides nearly ten pages outlining purported violations of state and federal law. (*See* Am. Compl. at 5-14). However, Plaintiff raises violations without connecting the alleged violation to any Defendant in this action. (*See, e.g.*, Am. Compl. at 5-6 (alleging state law violations of unlawful vehicle seizure and illegal search without referencing any Defendant); *id.* at 6-7 (alleging Fourth Amendment violations without referencing any Defendant); *id.* at 9-10 (alleging violation of Plaintiff's due process rights without referencing any Defendant); *id.* at 13 (alleging additional considerations without referencing any Defendant); *id.* at 14 (alleging economic damages due to loss of employment without referencing any Defendant)). In other instances, Plaintiff refers to "the defendants" or "the defendant" without specifying their connection to the allegations raised in the Amended Complaint. (*See, e.g.*, Am. Compl. at 8-9 (alleging illegal search and seizure of Plaintiff's vehicle without referencing any Defendant); *id.* at 10-11 (alleging violations of 42 U.S.C. §§ 1983 and 1985 by "the defendant"); *id.* at 12-13 (alleging civil procedure violations by "the defendants")).

Because such vague group pleading "undermines the notice pleading regime of Rule 8," *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014), the Amended Complaint must be dismissed as it fails to place every named Defendant on notice of the claims against each of them. *See, e.g.*, *Inter Metals Grp. v. Centrans Marine Shipping*, No. 20-7424, 2022 WL 489404, at *7 (D.N.J. Feb. 17, 2022) ("Here, both Maverick and C.J. fail to satisfy the basic pleading requirement of providing adequate notice to each Co-Defendant of the specific claims against it. Their crossclaims are brought collectively against Centrans and the other Co-Defendants and fail to specify the personal involvement of any Co-Defendant."); *In re Ojo*, Nos. 21-11357, 21-11359, 21-11360, 21-11362, 2021 WL 3732904, at *2 (D.N.J. Aug. 23, 2021) ("With regard to Rule 8, the primary flaw in the Complaints is that

they often allege that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act."); *Stransky v. PennyMac Holdings, LLC*, No. 18-15929, 2019 WL 4750150, at *6 (D.N.J. Sept. 30, 2019) ("Courts in this district have held 'group pleading' does not satisfy Rule 8 because it does not place the defendants on notice of the claims against them."); *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 14-1206, 2014 WL 3809173, at *2 ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants").

## IV.    CONCLUSION

For the reasons set forth above, the Leonia Defendants' motion (ECF No. 74) is **GRANTED**; and the Sano Defendant's motion (ECF No. 76) is **GRANTED**. The Amended Complaint (ECF No. 71) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**DATED:** 4/15/2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge